IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

STEVEN ERIC WALKER,

    Petitioner,               No. 2:11-cv-3193 GEB EFB P

    vs.

G. SWARTHOUT,

    Respondent.             FINDINGS AND RECOMMENDATIONS

_____/

    Petitioner is a state prisoner proceeding without counsel on a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent moves to dismiss the petition on the grounds that petitioner's claims are moot and for failure to state a cognizable claim for federal relief. Dckt. No. 11. For the reasons explained below, the undersigned recommends respondent's motion be granted.

**I.    Background**

    Petitioner previously filed a habeas petition challenging the Board of Parole Hearings' ("Board") 2009 decision finding him unsuitable for parole and deferring his next parole hearing for three years. *Walker v. Swarthout*, 2:10-cv-0540-MCE-DAD. That petition was denied on December 6, 2012. *Id.*, Dckt. No. 21.

////

The instant petition challenges the Board's denial of petitioner's January 2011 request for an earlier parole hearing. *See* Cal. Penal Code § 3041(b)(4). Petitioner contends that the Board's decision to not advance his parole hearing violated his right to due process because 1) the terms "new information" and "change in circumstances" found in California Penal Code section 3041.5(b)(4) are unconstitutionally vague and ambiguous as applied to the facts of his case, and 2) section 3041.5(a) and (b) create a liberty interest requiring that petitioner be released from confinement. Pet., Dckt. No. 1 at 2. Petitioner also claims that the denial of his request for an advance hearing, which allegedly prolongs his time of confinement, violated his Eighth Amendment right to be free from cruel and unusual punishment. *Id*. at 12-14.

## II.    Discussion

Respondent argues that this action must be dismissed on the grounds that petitioner's claims are moot and, in the alternative, petitioner fails to state a federal claim for relief.

Article III of the U.S. Constitution limits a federal court's jurisdiction to those cases which present "cases-or-controversies." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998). "[F]ederal courts may not 'give opinions upon moot questions of abstract propositions.'" *Calderon v. Moore*, 518 U.S. 149, 150 (1996) (per curiam) (quoting *Mills v. Green*, 159 U.S. 651, 653, (1895)). In habeas actions, the case-or-controversy requirement mandates that a petitioner must have suffered, or be threatened with, an actual injury traceable to the respondent and redressable by issuance of the writ. *See Spencer*, 523 U.S. at 7.

Petitioner's application only challenges the Board's denial of his request for an advanced parole hearing. However, on June 26, 2012, petitioner had his regularly scheduled parole consideration hearing. Dckt. No. 11, Ex A. At the hearing, the Board found petitioner suitable for parole. *Id*. On November 5, 2012, petitioner filed with the court a notice of change of address indicating that he has been released from prison. Dckt. No. 18.

In light of petitioner's release on parole, the instant petition is moot. Even if petitioner were to successfully show that the Board unconstitutionally denied his request for an advanced

parole hearing, the only relief available to petitioner would be an order from the court directing the Board to conduct a new parole suitability hearing. Since petitioner has already been found suitable for parole and released from prison, issuance of the writ will not provide any relief. Accordingly, the petition must be dismissed as moot.[1] *See Caswell v. Calderon*, 363 F.3d 832, 837 (9th Cir. 2004).

### III. Conclusion

Accordingly, it is hereby RECOMMENDED that:

1. Respondent's motion to dismiss, Dckt. No. 11, be granted;

2. The action be dismissed as moot; and

3. The Clerk be directed to close the case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991). In his objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case. *See* Rule 11, Federal Rules Governing Section 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).

Dated: March 12, 2013.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

---

[1] As the petition must be dismissed as moot, the undersigned declines to address respondent's additional argument.

3